## CIRCUIT COURT OF FAIRFAX COUNTY

Integrated Visual
Information Systems, Inc.

v.

Nova Group, Ltd.

### October 11, 1990

### Case No. (Law) 88571

By JUDGE THOMAS J. MIDDLETON

This cause came to be heard upon the motion of Integrated Visual Information Systems, Inc. (IVIS) to reconsider this Court's denial of its motion for entry of judgment. The Court has reconsidered and now enters judgment for IVIS.

The parties entered into a stipulated agreement that defendant Nova Group, Ltd. (Nova) would pay to IVIS the sum of $10,000.00 in two $5,000.00 installments. If either installment was late, IVIS would be entitled to judgment in the amount of $12,500.00. This agreement was set down in an order by Judge McWeeny on March 26, 1990. Payments were made by defendant to their own attorney who failed to deliver the second payment to plaintiff or plaintiff's attorney on time.

The stipulation between the parties amounts to a contract. It provides for terms of payment to the plaintiff. The stipulation further gives to plaintiff a clear remedy in the event of breach. All that remains for the Court to determine is whether a breach has occurred, viz., if payment to Nova's attorney is sufficient to constitute payment to IVIS.

Payment must be made to the creditor himself, or to his expressly or implicitly authorized agent, or to

his assigns. 14B M.J., *Payment*, § 5; *Williams v. Bruffy*, 96 U.S. 176, 24 L. Ed. 716 (1877). Nova's attorney was not the creditor, nor the creditor's assign. The dispositive issue becomes whether Nova's attorney was expressly or implicitly the agent for payment of IVIS.

A debtor makes payment to an alleged agent at his own risk, and the burden of proving authority to accept payment is on the person making the payment. *American Sec. and Trust Co. v. John J. Juliano, Inc.*, 203 Va. 827, 833 (1962). There is no evidence in the record to support a claim of express agency relationship. There is also nothing upon which to base an implied agency relationship. In fact, the letter of May 30, 1990, from Nova's attorney to plaintiff acknowledges that a "mistake occurred."

Defendant is required, pursuant to the stipulation of March 26, 1990, to pay to plaintiff a total of $12,500.00. The Court understands that some of that amount has already been paid. The motion by plaintiff for costs and fees is denied.